MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JUAN CARLOS VAZQUEZ, *individually and*
*on behalf of others similarly situated,*

**20-cv-05328**

                *Plaintiff,*

       -against-

**FIRST AMENDED COMPLAINT**

HAND HOSPITALITY LLC (D/B/A HAND
HOSPITALITY), HER NAME IS HAN LLC
(D/B/A HER NAME IS HAN), HAND 3535
LLC (D/B/A ON), MADANGSUI INC.
(D/B/A MADANGSUI), KI HYUN LEE ,
JINYOUNG Y CHOI , and CHO DANG GOL
LLC (D/B/A CHO DANG GOL),

                *Defendants.*
-------------------------------------------------------X

       Plaintiff Juan Carlos Vazquez ("Plaintiff Vazquez" or "Mr. Vazquez"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Hand Hospitality LLC (d/b/a Hand

Hospitality), Her Name is Han LLC (d/b/a Her Name is Han), Hand 3535 LLC (d/b/a On),

Madangsui Inc. (d/b/a Madangsui), Cho Dang Gol LLC (d/b/a Cho Dang Gol), ("Defendant

Corporations"), Ki Hyun Lee and Jinyoung Y. Choi, ("Individual Defendants"), (collectively,

"Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Vazquez is a former employee of Defendants Hand Hospitality LLC (d/b/a Hand Hospitality), Her Name is Han LLC (d/b/a Her Name is Han), Hand 3535 LLC (d/b/a On), Madangsui Inc. (d/b/a Madangsui), Ki Hyun Lee, Jinyoung Y Choi, and Cho Dang Gol LLC (d/b/a Cho Dang Gol).

2.       Defendants own, operate, or control a chain of Korean restaurants, located at 38 W 32nd St, Ste 1400, New York, New York 10001 under the name "Hand Hospitality", at 17 E 31st St, New York, NY 10016 under the name "Her Name is Han", at 110 Madison Ave, New York, New York 10016 under the name "On", at 35 W 35th St, New York, NY 10001 under the name "Madangsui", and at 55 W 35th St, New York, NY 10001 under the name "Cho Dang Gol".

3.      Upon information and belief, individual Defendants Ki Hyun Lee and Jinyoung Y. Choi, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Vazquez was employed as a dishwasher worker, a food preparer, and a cook at the restaurants Her Name is Han, located at 17 E 31st St, New York, NY 10016, On, located at 110 Madison Ave, New York, New York 10016, Madangsui, located at 35 W 35th St, New York, NY 10001, and Cho Dang Gol, located at 55 W 35th St, New York, NY 10001.

5.      At all times relevant to this Complaint, Plaintiff Vazquez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Vazquez appropriately for any hours worked, at either the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Vazquez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Vazquez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vazquez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Vazquez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Vazquez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Vazquez's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Korean restaurant group located in this district. Further, Plaintiff Vazquez was employed by Defendants in this district.

## **PARTIES**

*Plaintiff*

14.     Plaintiff Juan Carlos Vazquez ("Plaintiff Vazquez" or "Mr. Vazquez") is an adult individual residing in New York County, New York.

15.     Plaintiff Vazquez was employed by Defendants at Her Name is Han, On, Madangsui, and Cho Dang Gol from approximately September 2015 until on or about June 28, 2020.

16.     Plaintiff Vazquez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a Korean restaurant group, located at 38 W 32nd St, Ste 1400, New York, New York 10001 under the name "Hand Hospitality",  at 17 E 31st St, New York, NY 10016 under the name "Her Name is Han", at 110 Madison Ave, New York, New York 10016 under the name "On", at 35 W 35th St, New York, NY 10001 under the name "Madangsui", and at 55 W 35th St, New York, NY 10001 under the name "Cho Dang Gol".

18.     Upon information and belief, Hand Hospitality LLC (d/b/a Hand Hospitality) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 38 W 32nd St, Ste 1400, New York, New York 10001.

19.     Upon information and belief, Her Name is Han LLC (d/b/a Her Name is Han) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 17 E 31st St, New York, New York 10016.

20.     Upon information and belief, Hand 3535 LLC (d/b/a On) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 110 Madison Ave, New York, New York 10016.

21.     Upon information and belief, Madangsui Inc. (d/b/a Madangsui) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 35 W 35th St, New York, New York 10001.

22.     Upon information and belief, Cho Dang Gol LLC (d/b/a Cho Dang Gol) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 55 W 35th St, New York, New York 10001.

23.     Defendant Ki Hyun Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ki Hyun Lee is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Ki Hyun Lee possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vazquez, establishes

the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Jinyoung Y. Choi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jinyoung Y. Choi is sued individually in his capacity as a manager of Defendant Corporations. Defendant Jinyoung Y. Choi possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vazquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operate a Korean restaurant group located in multiple neighborhoods in Manhattan.

26.     Individual Defendants, Ki Hyun Lee and Jinyoung Y. Choi, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff Vazquez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Vazquez, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff Vazquez (and all similarly situated employees) and are Plaintiff Vazquez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff Vazquez and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendant Ki Hyun Lee operate Defendant Corporations as either alter egos of himself and/or fail to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of his own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiff Vazquez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Vazquez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Vazquez's services.

33.     In each year from 2015 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.     Plaintiff Vazquez is a former employee of Defendants who was employed as a dishwasher worker, a food preparer, and a cook.

36.     Plaintiff Vazquez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Juan Carlos Vazquez*

37.     Plaintiff Vazquez was employed by Defendants from approximately September 2015 until on or about June 28, 2020.

38.     Defendants employed Plaintiff Vazquez as a dishwasher, a food preparer, and a cook.

39.     Plaintiff Vazquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.     Plaintiff Vazquez's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Vazquez regularly worked in excess of 40 hours per week.

42.     From approximately September 2015 until on or about January 2019, Plaintiff Vazquez worked as a dishwasher and a cook at the Her Name is Han location from approximately 11:00 a.m. until on or about 11:00 p.m., Mondays, Wednesdays, and Thursdays, from approximately 10:00 a.m. until on or about 12:00 a.m., Fridays and Saturdays, and from approximately 10:00 a.m. until on or about 10:00 p.m., Sundays (typically 76 hours per week).

43.     From approximately February 2019 until on or about February 2020, Plaintiff Vazquez worked as a food preparer and a cook at the On location from approximately 1:00 p.m. until on or about 11:00 p.m., Mondays, Wednesdays, and Thursdays, from approximately 12:00 p.m. until on or about 11:00 p.m., Fridays and Saturdays, and from approximately 1:00 p.m. until on or about 11:00 p.m., Sundays (typically 62 hours per week).

44.     From approximately March 2020 until on or about April 2020, Plaintiff Vazquez worked as a dishwasher and a food preparer at the Madangsui location from approximately 11:00 a.m. until on or about 10:00 p.m., Fridays and Saturdays and from approximately 12:00 p.m. until on or about 10:00 p.m., Sundays, Wednesdays, and Thursdays (typically 52 hours per week).

45.     During the month of  May 2020, Plaintiff Vazquez worked as a dishwasher at the Cho Dang Gol location from approximately 10:00 a.m. until on or about 10:00 p.m., Tuesdays through Saturdays (typically 60 hours per week).

46.     From approximately May 2020 until on or about June 28, 2020, Plaintiff Vazquez worked as a dishwasher and a food preparer at the Madangsui location from approximately 11:00 a.m. until on or about 10:00 p.m., Fridays and Saturdays and from approximately 12:00 p.m. until on or about 10:00 p.m., Wednesdays, Thursdays, and Sundays (typically 52 hours per week).

47.     Throughout his employment, Defendants paid Plaintiff Vazquez his wages in cash.

48.     From approximately September 2015 until on or about February 2016, Defendants paid Plaintiff Vazquez a fixed salary of $600 per week for his work at the Her Name is Han location.

49.     From approximately March 2016 until on or about September 2016, Defendants paid Plaintiff Vazquez a fixed salary of $650 per week for his work at the Her Name is Han location.

50.     From approximately October 2016 until on or about March 2017, Defendants paid Plaintiff Vazquez a fixed salary of $700 per week for his work at the Her Name is Han location.

51.     From approximately April 2017 until on or about September 2017, Defendants paid Plaintiff Vazquez a fixed salary of $750 per week for his work at the Her Name is Han location.

52.     From approximately October 2017 until on or about March 2018, Defendants paid Plaintiff Vazquez a fixed salary of $800 per week for his work at the Her Name is Han location.

53.     From approximately April 2019 until on or about August 2019, Defendants paid Plaintiff Vazquez a fixed salary of $850 per week for his work at the On location.

54.     From approximately September 2019 until on or about January 2020, Defendants paid Plaintiff Vazquez a fixed salary of $900 per week for his work at the On location.

55.     From approximately February 2020 until on or about March 15, 2020, Defendants paid Plaintiff Vazquez a fixed salary of $950 per week for his work at the On location.

56.     From approximately March 16, 2020 until on or about March 22, 2020, Defendants paid Plaintiff Vazquez a fixed salary of $960 per week for his work at the On location.

57.     From approximately March 23, 2020 until on or about March 29, 2020, Defendants paid Plaintiff Vazquez a fixed salary of $400 per week for his work at the On location.

58.     From approximately March 30, 2020 until on or about April 26, 2020, Defendants paid Plaintiff Vazquez a fixed salary of $300 per week for his work at the Madangsui location.

59.     From approximately April 27, 2020 until on or about May 10, 2020, Defendants paid Plaintiff Vazquez a fixed salary of $300 per week for his work at the Cho Dang Gol location.

60.     From approximately May 11, 2020 until on or about May 24, 2020, Defendants paid Plaintiff Vazquez a fixed salary of $400 per week for his work at the Cho Dang Gol location.

61.     From approximately May 25, 2020 until on or about May 31, 2020, Defendants paid Plaintiff Vazquez a fixed salary of $600 per week for his work at the Cho Dang Gol location.

62.     From approximately June 1, 2020 until on or about June 14, 2020, Defendants paid Plaintiff Vazquez a fixed salary of $600 per week for his work at the Madangsui location.

63.     From approximately June 15, 2020 until on or about June 28, 2020, Defendants paid Plaintiff Vazquez a fixed salary of $500 per week for his work at the Madangsui location.

64.     Plaintiff Vazquez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

65.     Defendants required Plaintiff Vazquez to sign a document, the contents of which he was not allowed to review in detail, in order to release his last weekly pay at the MadangSui location.

66.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Vazquez regarding overtime and wages under the FLSA and NYLL.

67.     Defendants did not provide Plaintiff Vazquez an accurate statement of wages, as required by NYLL 195(3).

68.     Defendants did not give any notice to Plaintiff Vazquez, in English and in Spanish (Plaintiff Vazquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

69.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vazquez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

70.     Plaintiff Vazquez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

71.     Defendants' pay practices resulted in Plaintiff Vazquez not receiving payment for all his hours worked, and resulted in Plaintiff Vazquez's effective rate of pay falling below the required minimum wage rate.

72.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

73.     Defendants paid Plaintiff Vazquez his wages in cash.

74.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

75.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Vazquez (and similarly situated individuals) worked, and to avoid paying Plaintiff Vazquez properly for his full hours worked.

76.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Vazquez and other similarly situated former workers.

78.     Defendants failed to provide Plaintiff Vazquez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79.     Defendants failed to provide Plaintiff Vazquez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

80.     Plaintiff Vazquez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

81.     At all relevant times, Plaintiff Vazquez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

82.     The claims of Plaintiff Vazquez stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

83.     Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

84.     At all times relevant to this action, Defendants were Plaintiff Vazquez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Vazquez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

85.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87.     Defendants failed to pay Plaintiff Vazquez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88.     Defendants' failure to pay Plaintiff Vazquez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.     Plaintiff Vazquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

90.     Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Vazquez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiff Vazquez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Vazquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

94.     Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Vazquez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Vazquez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Vazquez less than the minimum wage.

97.     Defendants' failure to pay Plaintiff Vazquez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Vazquez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

99.      Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Vazquez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.    Defendants' failure to pay Plaintiff Vazquez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiff Vazquez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

**OF THE NEW YORK COMMISSIONER OF LABOR**

103.     Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

104.     Defendants failed to pay Plaintiff Vazquez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Vazquez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

105.     Defendants' failure to pay Plaintiff Vazquez an additional hour's pay for each day PlaintiffVazquez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

106.     Plaintiff Vazquez was damaged in an amount to be determined at trial.

<u>**SIXTH CAUSE OF ACTION**</u>

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

107.     Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

108.     Defendants failed to provide Plaintiff Vazquez with a written notice, in English and in Spanish (Plaintiff Vazquez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

109.     Defendants are liable to Plaintiff Vazquez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

110.     Plaintiff Vazquez repeats and realleges all paragraphs above as though fully set forth herein.

111.     With each payment of wages, Defendants failed to provide Plaintiff Vazquez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

112.     Defendants are liable to Plaintiff Vazquez in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vazquez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vazquez and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vazquez and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Vazquez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Vazquez and the FLSA Class members;

(f)     Awarding Plaintiff Vazquez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Vazquez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vazquez;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vazquez;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Vazquez;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Vazquez's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Vazquez;

(m)      Awarding Plaintiff Vazquez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)      Awarding Plaintiff Vazquez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Vazquez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Vazquez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Vazquez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff Vazquez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

November 12, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 3, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Juan Carlos Vazquez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     3 de julio de 2020

*Certified as a minority-owned business in the State of New York*